OPINION
Appellant Shawn Sargent appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, finding him to be delinquent and rendering disposition thereon. The relevant facts leading to this appeal are as follows.
On July 12, 2000, a complaint was filed in the Licking County Court of Common Pleas, Juvenile Division, alleging that Appellant Shawn Sargent, then age fifteen, was delinquent by reason of committing three counts of rape (R.C. 2907.02(A)) against his younger sister. Appellant thereafter appeared for arraignment with his mother, Carla Sargent-Wills. Appellant at that time was not represented by counsel, nor was a guardian ad litem appointed. During the arraignment hearing, appellant entered admissions to each count. He was thereupon found delinquent by the magistrate, who then proceeded immediately to disposition. Appellant was given consecutive sentences of a minimum of three years each on the first and second rape counts. The magistrate recommended holding disposition in abeyance as to count three.
On July 21, 2000, Carla Sargent-Wills obtained an attorney to represent appellant. After obtaining extensions, appellant via counsel filed an objection to the magistrate's decision and a motion to withdraw pleas. Carla, as well as appellant's father, David Sargent, also filed objections to the magistrate's decision. On October 3, 2000, the trial court overruled the objections, approving the magistrate's decision as to disposition of count three, but nonetheless scheduling an evidentiary dispositional hearing as to the magistrate's decision on count one and two.
On October 31, 2000, following presentation of evidence, the trial court approved the remainder of the magistrate's recommended disposition, i.e., consecutive sentences at ODYS of a minimum of three years on each of the first and second rape counts.
Appellant filed notices of appeal on November 1, 2000.[1] He raises the following three Assignments of Error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM AFTER IT BECAME CLEAR THAT THERE WAS A CONFLICT OF INTEREST BETWEEN SHAWN AND HIS MOTHER IN VIOLATION OF OHIO REVISED CODE SECTION 2151.281(A) AND JUVENILE RULE 4(B).
 II. THE TRIAL COURT VIOLATED SHAWN SARGENT'S RIGHT TO COUNSEL AND DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352
AND JUVENILE RULES 4 AND 29.
 III. THE TRIAL COURT ERRED BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNTIED (SIC) STATES CONSTITUTION, ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 I.
In his First Assignment of Error, appellant argues that the trial court erred in failing to appoint a guardian ad litem, prior to acceptance of the pleas, asserting that the record reveals a conflict of interest between the juvenile and his mother. We agree.
R.C. 2151.281(A) addresses the appointment of a guardian ad litem in juvenile matters as follows:
 (A) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:
 (1) The child has no parent, guardian, or legal custodian.
 (2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian.
Additionally, Juv.R. 4(B)(2) provides that the court shall appoint a guardian ad litem in juvenile proceedings when "the interests of the child and the interests of the parent may conflict." The guardian ad litem's role in such proceedings is to assist the court by ensuring the juvenile's statutory rights are protected. Lovejoy v. Cuyahoga Cty.Dept. of Human Serv. (1991), 76 Ohio App.3d 514, 517.
A trial court's decision whether to appoint a guardian ad litem is reviewed under an abuse-of-discretion standard. In re Sappington
(1997), 123 Ohio App.3d 448, 454. The relevant question is thus whether the record "`reveals a strong enough possibility of conflict of interest between [the legal guardian] and child to show that the juvenile court abused its discretion [by not appointing a guardian ad litem].'" In reSpradlin (2000), 140 Ohio App.3d 402, 407, quoting Sappington at 454.
Appellant directs us to In re Miller (1997), 119 Ohio App.3d 52, a case similarly involving a mother's potential conflict between the interests of her son and of her nine-year-old daughter, which the son was alleged to have raped. The Second District Court concluded:
 The only statements that Mrs. Miller made at the adjudicatory proceeding were in response to the court's questions, and were to the effect that Wayne understood his legal rights, what he was doing, and the consequences of entering an admission to the rape charges. Mrs. Miller then attempted to show the court a picture of her daughter, the rape victim in this case.
 Even accepting that Mrs. Miller was concerned for the welfare and safety of both of her children, the conflict between Wayne's interest and that of his mother is obvious. Under these particular circumstances, we cannot say with any degree of confidence that Mrs. Miller protected Wayne's interests.
Id. at 55.
We have also previously addressed the issue of conflict of interest in relation to R.C. 2151.281(A)(2). See In the Matter of Paul Shaw (Sept. 27, 1996), Fairfield App. No. 95 CA 78, unreported. The record in that case revealed that the juvenile alleged rape perpetrator and his mother had an "adversarial relationship," including mother's previous domestic violence charges against him. A probation department summary, made prior to rape charges, also contained the following statement: "Mom is fearful for her and Kristi's safety, and does not want Paul back home * * * Paul would likely go to D.Y.S. She seemed to like this idea." Upon review, we concluded:
 With the existence of such a relationship between appellant and his mother, it is clear a conflict of interest existed. The trial court should have appointed a guardian ad litem in order to protect appellant's rights since his mother was not in the best position to do so.
Id. at 3.
Turning to the record in the case sub judice, Carla, the mother, expressed the following during the disposition portion of the case:
 MS. WILLS: Okay. These — these papers show Shawn to be a monster, and he's not. He's — he's a — a kind, loving person. He — he's 15 and he's huge, but he still goes out and plays with cars in the dirt. When my husband and I found out about this, we immediately did what we should have done. We took — we took our daughter to the doctor, and they called Moundbuilders for counseling, and we notified the police.
 We took Shawn in, voluntarily. Our family has been torn up. I not only have a son that's charged with a horrific crime, but I have a daughter, too, that I have to look out for as well. He needs help. I don't know what ever caused him to — to do that, but he does need help. I love my son. He's ashamed of what he's done, and he's sorry, he's truly sorry for what he's done. His sister forgives him. God will have his will.
Tr. at 7-8.
Unlike the mother in Shaw, Carla does not appear to be in an overtly adversarial relationship with appellant; in fact, as the trial court noted in ruling on appellant's objection, she made several positive comments. Nonetheless, no further inquiry was pursued by the magistrate as to Carla's obvious dual concern for her daughter, as manifested in particular by Carla's desire to "look out" for her. "A parent may clearly have her own agenda, or be advocating her own best interest, which may or may not also be the child's." In re Howard (1997), 119 Ohio App.3d 201,206. See also, In re McQuitty (May 5, 1986), Butler App. No. CA85-04-016, unreported. While we expressly decline to adopt a bright-line rule necessitating the appointment of a guardian ad litem in every situation where a parent is the custodian of both the victim and the alleged juvenile perpetrator, we are persuaded under the facts in this case that the possibility of conflict of interest was present to the extent that the trial court abused its discretion in failing to make an appointment pursuant to R.C. 2151.281(A), prior to acceptance of the pleas. Spradlin, supra.
Appellant's First Assignment of Error is sustained.
 II, III
In his Second and Third Assignments of Error, appellant argues that his constitutional rights were violated in regard to the issues of right to counsel and the admission of his pleas. Based upon our holding in Appellant's First Assignment of Error, and the potential influence of a guardian ad litem on subsequent remanded proceedings, we find these arguments premature.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(3), costs are assessed to Appellee State of Ohio.
Wise, J., Edwards, P. J., and Gwin, J., concur.
[1] Appellant's father also filed appeals from the the decisions of October 3 and October 31, 2000. Appellant's mother has also filed a brief in the capacity of an appellee, apparently in response to father's arguments. However, the father dismissed his appeals prior to the date of oral arguments.