Williams, J.
 

 The sole question is whether the trial court committed prejudicial error in changing the custody of the two children from the mother to the father after the elder child, having arrived at the age of ten years, had chosen her father as her custodian.
 

 Section 8033, General Code (Revision and Codification of 1910, Volume 2, page 1702) contains this provision:
 

 “Upon hearing the testimony of either or both of such parents, corroborated by other proof, the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interest, except that, if such children be ten years of age or more, they must be allowed to choose which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incapacity, be un
 
 *95
 
 fitted to take charge of such children, in which event the court shall determine their custodian. The above provisions permitting children to choose the parent with whom they desire to live, also shall apply to proceedings for modification of the former orders of the court, fixing the custody thereof, as in original actions.”
 

 This provision, which applies not only to an original award of custody but also to a modification thereof, is mandatory in respect to the choice by the child, but with the exception that where the parent selected in the exercise of such a choice is unfitted by reason of moral depravity, habitual drunkenness or incapacity, the court has power to fix the custody.
 

 After the custody of children is once fixed by adjudication, the court will not thereafter modify this custodial status unless such action is warranted by a change in conditions or by the discovery of material facts existent at the time of the previous order and then unknown to the court. A child’s arrival at the age of ten accompanied by an expression of preference for the parent, who does not presently have custody and who is not disqualified by unfitness, would be a change in conditions making mandatory the modification of the previous order as to the custody of such child.
 

 In the instant case no evidence was adduced to show the father was unfitted to be-custodian and so, when the elder child chose her father as the parent with whom she preferred to live, the trial court was required to award her custody to the father under the mandatory portion of the statutory provision.
 

 Thereupon a change of conditions took place as to the younger child who was still under ten years of age, for it fell to her lot to be left alone in the custody of her mother unless there was a further order respecting her. As a result the court was called upon to determine whether the children should be separated. Obv-i
 
 *96
 
 ously the trial court considered that a separation would not be for their best interest and so awarded the custody of both to the father. The question of separating the children was within the discretion of the court and there is no claim that the discretion was abused.
 

 The judgment'of the trial court was not erroneous and the Court of Appeals committed prejudicial error in rendering a judgment of reversal. Accordingly the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Matthias and Hart, JJ., concur.