**LOVEJOY, Appellant,**

v.

**CUYAHOGA COUNTY DEPARTMENT OF HUMAN SERVICES, Appellee.**

[Cite as *Lovejoy v. Cuyahoga Cty. Dept. of Human Serv.* (1991), 76 Ohio App.3d 514.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61562.

Decided Dec. 9, 1991.

*Reid, Berry & Stanard* and *Margaret Kazdin Stanard,* for appellant.
*Debra A. Obed,* for appellee.

---

ANN MCMANAMON, Judge.

Margaret Lovejoy brings this appeal challenging the juvenile court's failure to order her presence at a custody review hearing. Upon review of the record, we affirm the judgment of the trial court.

Margaret Lovejoy is a sixteen-year-old minor. On October 1, 1990, a complaint was filed in juvenile court alleging that Lovejoy was pregnant, refused to return home, and was without relatives able to provide care for her. The Cuyahoga County Department of Human Services ("CCDHS") filed a motion for emergency custody and a hearing was held. The court committed Lovejoy to the emergency temporary care and custody of the CCDHS. The court also appointed a guardian *ad litem* ("GAL").

On November 30, 1990, the juvenile court held a preliminary hearing concerning the allegations in the complaint. The court found Lovejoy to be dependent and, pursuant to R.C. 2151.353(A)(5), ordered that she be placed in the long-term foster care of CCDHS. During the hearing, the GAL concurred in the CCDHS recommendation that Lovejoy be so placed. The site of the placement finally selected was a foster home in another county.

Two months later, the GAL filed a motion for custody review and request for a temporary restraining order seeking to enjoin Lovejoy's placement in Stark County. The court denied the request, but did, however, schedule a hearing "for the sole purpose of affording the guardian the opportunity to

present evidence on alternative placements of his ward" pursuant to R.C. 2151.417(A).

Before this hearing, the GAL filed, *inter alia*, a motion to have Lovejoy transported from her foster home to the CCDHS building in Cuyahoga County so as to allow the GAL to consult with her. The court denied this request. On March 7, 1991, the custody review hearing went forward and the GAL presented evidence as to three families in Cuyahoga County willing to care for Lovejoy. Although the GAL subpoenaed the minor she failed to appear. The attorney for CCDHS denied receiving a subpoena for Lovejoy. We note that the GAL entered an objection, in the midst of the hearing, to Lovejoy's absence. The court ordered and approved her continued placement in the current foster home. It is from this order that the present appeal is brought.

In her sole assignment of error, Lovejoy argues that a minor has an absolute right to be present at a custody review hearing and failure by CCDHS to produce her contravened her best interests.

The statutory authority for a custody review hearing is provided in R.C. 2151.417. Subsection (E) of the statute provides:

"The court shall give notice of the review hearings held pursuant to this section to every interested party, including, but not limited to, the appropriate agency employees who are responsible for the child's care and planning, the child's parents, any person who had guardianship or legal custody of the child prior to the custody order, the child's guardian ad litem, and the child. The court shall summon every interested party to appear at the review hearing and give them an opportunity to testify and to present other evidence with respect to the child's custody arrangement, including, but not limited to, the case plan for the child, the actions taken by the child's custodian, the need for a change in the child's custodian or caseworker, or the need for any specific action to be taken with respect to the child. The court shall require any interested party to testify or present other evidence when necessary to a proper determination of the issues presented at the review hearing."

The record indicates the court notified Lovejoy three weeks in advance of the March 7, 1991 hearing. Therefore, she had notice of the custody review hearing as required by R.C. 2151.417(E).

When the hearing commenced on March 7, Lovejoy was not present. Although the GAL objected to her absence, he neither requested the court to order the child to be produced, nor proposed a continuance. R.C. 2151.417(E) does indicate that an interested party, *e.g.*, the child, shall be summoned to the hearing and the court shall "give [her] an opportunity to testify."

■ Lovejoy's position on appeal requires a review of the duties imposed upon a GAL. Such an officer has a mandate to protect a child's best interest, and, in performing that duty, the GAL is an arm of the court. *Penn v. McMonagle* (1990), 60 Ohio App.3d 149, 573 N.E.2d 1234.

■ Clearly, the GAL acts on behalf of the court to protect the child's best interest. It is the role of the GAL to assist the court in ensuring that the child's statutory rights are protected, *e.g.*, that the child attends a hearing.

■ The record reflects that the GAL's effort to ensure Lovejoy's attendance at the hearing was, at best, pro forma. The GAL mailed a subpoena to Margaret Lovejoy at 3955 Euclid Avenue in Cleveland. This is the address of the Jane Edna Hunter Social Service Center, Cuyahoga County. Lovejoy's caseworker is not named on the subpoena. We find that the GAL could not reasonably expect such a subpoena could ensure Lovejoy's appearance at the hearing. The caseworker denied receiving the subpoena, which is credible since it did not contain the caseworker's name or that of any other social service worker.

At the very least, the GAL could have filed a motion requesting Lovejoy's transportation from Canton and her attendance at the hearing—or have framed the subpoena so the caseworker would be on notice that Lovejoy's appearance was sought.

At the hearing itself, the GAL waited until the close of his evidence—while questioning Crawford, his last witness—to bring up the subject of the subpoena and object to Lovejoy's absence. The court had already listened to nine witnesses, including Crawford, before the GAL objected to Lovejoy's failure to appear. Further, the GAL objected to Lovejoy's absence but did not proffer what evidence she would have presented. There is no indication in this appeal that the minor was prejudiced by her absence.

The record demonstrates the court listened to several alternative placement possibilities for Lovejoy presented by her GAL, including the home of her boyfriend's parents and that of her father.

■ Without any demonstration of prejudice to the minor, or abuse of discretion by the court, or of a failure by the GAL to present the best interest of the child at the hearing, we must affirm the judgment of the trial court. *Dailey v. Dailey* (1945), 146 Ohio St. 93, 32 O.O. 29, 64 N.E.2d 246 (abuse of discretion is the reviewing standard in a custody proceeding).

The decision of the trial court is affirmed.

*Judgment affirmed.*

DYKE, P.J., and JAMES D. SWEENEY, J., concur.