Defendant-appellant, John Louderback, appeals a Brown County Court of Common Pleas, Domestic Relations Division, decision granting plaintiff-appellee, Shawna Louderback ("Louderback"), legal custody of their minor child. We affirm.
On January 17, 1992, Johnda was born to appellant and Louderback. On May 27, 1992, appellant and Louderback were married. During the marriage, appellant was employed in seasonal and sporadic minimum wage jobs. In 1993, appellant became self-employed as an antique dealer. Appellant's employment as an antique dealer has yielded insufficient income to warrant filing a federal income tax return.
On December 11, 1995, Louderback filed for divorce and the court granted temporary custody of Johnda to Louderback. On November 20, 1996, a magistrate ordered a custody evaluation on both parents by Dr. Eugene Smiley, licensed counselor for the Brown County Department of Human Services. On September 5, 1997, the magistrate held a divorce hearing. By judgment entry of September 23, 1997, the court awarded Louderback a divorce and granted custodial and residential custody of Johnda to Louderback. Appellant was granted visitation and ordered to pay child support.
On October 6, 1997, appellant filed objections to the magistrate's order. On May 11, 1998, the trial court denied appellant's objections. Appellant filed a timely appeal and asserts one assignment of error as follows:
 THE MAGISTRATE AND COURT ABUSED THEIR DISCRETION AND ERRED IN DESIGNATING THE PLAINTIFF THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE MINOR CHILD [SIC].
In his sole assignment of error, appellant argues that the court's failure to award him residential custody of Johnda was against the manifest of the evidence and constituted an abuse of discretion. We disagree.
In a divorce action, the trial court "shall allocate the rights and responsibilities for the care of the minor children of the marriage." R.C. 3109.04(A). When making an allocation of parental rights, the trial court must consider the child's best interest. R.C. 3109.04(B)(1). In deciding the best interest, the trial court shall consider all relevant factors, including but not limited to:
 (a) The wishes of the child's parents regarding his care;
(b) * * * [T]he child's wishes;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interests;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all the persons involved in the situation;
 (f) The parent [who is] more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including arrearages * * *;
 (h) Whether either parent previously has been convicted or pleaded guilty to any criminal offense involving * * * [the] child * * *;
 (i) Whether the residential parent has continuously and willfully denied the other parent * * * visitation * * *;
 (j) Whether either parent has established a residence or is planning to establish a residence outside the state.
R.C. 3109.04(F)(1)(a)-(j).
At a minimum, the trial court must consider the above factors in a custody proceeding. See Baxter v. Baxter (1971), 27 Ohio St.2d 168; R.C. 3109.04(F)(1). However, the trial court has broad discretion in deciding the child's best interest and will only be reversed upon a showing of an abuse of discretion.Miller v. Miller (1988), 37 Ohio St.3d 71, 74, citing Daily v.Daily (1945), 146 Ohio St. 93. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
When the trial court is presented with evidence on the factors listed in R.C. 3109.04(F), it is the trial court's role to resolve factual disputes and weigh the testimony and credibility of witnesses. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,23. Accordingly, if the trial court's custody award is supported by a substantial amount of credible and competent evidence, it will not be reversed as being against the manifest weight of the evidence. Id.
In the present case, there was testimony from Dr. Smiley, who stated that both parents were capable of caring for their daughter. Dr. Smiley stressed that it was important for Johnda to have a permanent and stable home and recommended that one parent should be the residential parent while awarding liberal visitation to the nonresidential parent.
Appellant testified that his income as an antique dealer was insufficient to warrant filing a federal income tax return and refused to seek additional employment. Appellant failed to comply with a court order to pay child support and indicated that his employment makes it unlikely that he will be able to pay arrearages of $3,255 or to maintain future child support payments. Despite this, appellant stated that he is unwilling to seek gainful or additional employment. In addition, appellant indicated that if he was awarded custody, he planned to care for Johnda by taking her to work with him to visit antique fairs and to help sell antiques.
Louderback testified that she is employed at Brown County Hospital at an annual salary of $16,952 and maintains health insurance for her daughter. Appellant has not arranged to provide health insurance for Johnda. Louderback has established a stable and permanent residence for Johnda at her parents' home. While at work, Louderback has arranged for her parents to watch Johnda or, in the alternative, Louderback has enrolled Johnda in Wee Day Care. Appellant has neither arranged nor is he financially capable of providing day care for Johnda. Louderback has been cooperative in facilitating visitation and has not denied appellant reasonable visitation with Johnda. When appellant visits with Johnda, he has failed to honor the visitation agreement.
Based upon the foregoing, we find that there is competent and credible evidence to support the trial court's decision. Further, we find that the trial court did consider the relevant factors in R.C. 3109.04(F) and did not abuse its discretion when it found that Johnda's best interest was served by making Louderback the residential parent. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.