JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, B.M., appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which awarded permanent custody of the appellant's seven minor children to the Cuyahoga County Department of Children and Family Services (CCDCFS).
 {¶ 2} On July 22, 1999, the CCDCFS refiled a complaint alleging abuse and neglect and requesting disposition of the temporary custody regarding the appellant's seven minor children because the original complaint had expired by operation of law. On September 22, 1999, the parties stipulated to the amended complaint, and the children were found to be abused and were placed in the temporary custody of CCDCFS. Thereafter, on April 21, 2000, CCDCFS filed a Motion to Modify Temporary Custody to Permanent Custody with regard to the appellant's seven minor children. The matter was set for trial on June 21, 2001, at which point the mother of the children appeared before the lower court and voluntarily relinquished her parental rights informing the court that she did not wish to contest the agency's motion for permanent custody. Because of the mother's stance, the matter was continued to December 14, 2001. Thereafter, testimony was presented at trial and the trial court issued its decision awarding permanent custody to the CCDCFS.
 {¶ 3} The instant matter stems from a pattern of physical and sexual abuse perpetrated upon the seven children of appellant and his wife. At trial it was revealed that CCDCFS had implemented a case plan for the appellant at the time the children were originally taken into temporary custody, but said plan was interrupted because of the appellant's incarceration. The appellant was incarcerated in December 1999 after having pled guilty to several charges related to the rape and molestation of his children. Because of his incarceration, the appellant has had no contact with his children since 1999.[1]
 {¶ 4} Since the appellant could not provide for his children, the CCDCFS investigated potential relatives as placements for the children. Sadly, no relatives were willing or able to provide the appropriate care for the children, according to CCDCFS records. Of the relatives contacted, the children's paternal grandmother expressed an interest in caring for the children, but by her own admission, her residence was in need of repair and/or remodeling to allow her to adequately care for the children. Further, the paternal grandmother acknowledged that the children had threatened to run away if placed with her; therefore, she did not want to disrupt their current placement.
 {¶ 5} At the conclusion of the trial, the children's guardian ad litem, Mark Witt, recommended that the court grant permanent custody to CCDCFS stating that such a disposition would be in their best interest and in keeping with the expressed wishes of the children.[2] In accordance with the guardian ad litem's recommendation and the abundance of evidence presented, the trial court granted CCDCFS' Motion for Permanent Custody on January 4, 2002. It is from this entry that the appellant now appeals.
 {¶ 6} The appellant, both by and through his court appointed counsel and also pro se, presents four assignments of error for this court's review. The appellant's first assignment of error states:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED UNREASONABLY AND ARBITRARILY BY TERMINATING APPELLANT'S PARENTAL RIGHTS AND NOT PLACING HIS MINOR CHILDREN WITH THE PATERNAL GRANDMOTHER."[3]
 {¶ 8} The appellant argues that the trial court erred in awarding permanent custody to CCDCFS rather than placing the children with their paternal grandmother. For the following reasons, the appellant's first assignment of error is without merit.
 {¶ 9} This court has recently set forth the standard of review for permanent custody determinations in In re Glenn (Oct. 19, 2000), Cuyahoga App. Nos. 76481, 76492, and In re Davis (Oct. 12, 2000), Cuyahoga App. No. 77124. While the trial court must have based its decision on clear and convincing evidence, the standard of the appellate court is one of an abuse of discretion. The trial court is required to make certain findings in determining permanent custody, as enumerated in the matter of In reGlenn, supra, where this court stated:
 {¶ 10} "In order to justify termination of parental rights and award permanent custody of a child who is neither abandoned nor orphaned to a public children's services agency, a juvenile court must find by clear and convincing evidence that: 1) the grant of permanent custody to the agency is in the best interest of the child; and 2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. In re Patterson (1999), 134 Ohio App.3d 119, citing In re William S. (1996), 75 Ohio St.3d 95, 99."
 {¶ 11} The standard of review employed by the court in determining whether the trial court erred in its decision to award permanent custody to a child services agency is delineated in In re Davis, supra, which states:
 {¶ 12} "While App.R. 12 grants an appellate court the power to reverse trial court judgments and enter those judgments that the court should have rendered, it is inappropriate in most cases for a court of appeals to independently weigh evidence and grant a change of custody. Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding (i.e., observing their demeanor, gestures and voice inflections and using these observations in weighing the credibility of the proffered testimony) cannot be conveyed to a reviewing court by a printed record. Id., citing Trickey v. Trickey (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772."
 {¶ 13} In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct where there is competent and credible evidence supporting the court's findings of fact and conclusions of law. See Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Accordingly, the trial court's determination in a custody proceeding is subject to reversal only upon a showing of an abuse of discretion. Daileyv. Dailey (1945), 146 Ohio St. 93, 64 N.E.2d 246; Trickey, supra. Hence, this reviewing court will not overturn a permanent custody order unless the trial court has acted in a manner that is arbitrary, unreasonable or capricious. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 14} Children need not be placed in risk of immediate and unavoidable harm before a court can determine that such environment is unhealthy or unsafe; i.e., not in their best interest. In re Bishop
(1987), 36 Ohio App.3d 123, 521 N.E.2d 838; In re Massengale (1991),76 Ohio App.3d 220, 225-226, 601 N.E.2d 206.
 {¶ 15} The R.C. 2151.414 permanent custody determination must be supported by clear and convincing evidence. In re Harding (Jan. 14, 1993), Cuyahoga App. No. 63520, 1993 Ohio App.; In Re Hiatt (1993),86 Ohio App.3d 716, 621 N.E.2d 1222. "`Clear and convincing evidence' is defined as that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., citing Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222. An appellate court, in reviewing awards of permanent custody of children to public children services agencies, will affirm judgments supported by some competent, credible evidence. Id., citing Jones v. Lucas Cty. ChildrenServ. Bd. (1988), 46 Ohio App.3d 85, 86, 546 N.E.2d 471.
 {¶ 16} R.C. 2151.414(B)(1)(a) provides that a court may grant permanent custody of a child to, among others, a public services agency if the court determines, by clear and convincing evidence offered at the custody hearing, that it is in the best interest of the child and that any of the following apply: (1) the child is not abandoned or orphaned or has not been in the temporary custody of one or more public services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with his or her parents, R.C. 2151.414(B)(1)(a); (2) the child is abandoned, R.C.2151.414(B)(1)(b); (3) the child is orphaned and has no relatives who are able to take permanent custody, R.C. 2151.414(B)(1)(C); or (4) the child has been in the temporary custody of one or more public services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, R.C. 2151.414(B)(1)(d).
 {¶ 17} Once the trial court has determined that any one of the above conditions exists, it then must determine by clear and convincing evidence that permanent custody is in the best interest of the child by considering all relevant factors, including those listed in R.C.2151.414(D).
 {¶ 18} It is clear that the lower court did not abuse its discretion, and the award of permanent custody was based on clear and convincing evidence. In addressing the requirements of R.C. 2151.414(B), the trial court determined that the children cannot or should not be returned to the parents within a reasonable time.[4] First, the children have been in the custody of CCDCFS since 1999. During that time, the appellant pled guilty to the rape and molestation of his children, for which he is serving two life sentences in addition to two five-year sentences and an eight-year sentence. Clearly, the appellant will not be available to his children in the foreseeable future. Further, prior to the appellant's incarceration, CCDCFS attempted to implement a case plan when the children were taken into custody, but understandably this plan was interrupted in light of the appellant's incarceration for raping and molesting his children. As such, it is readily apparent that the trial court satisfied the first statutory requirement delineated in R.C. 2151.414(B)(1)(a).
 {¶ 19} Turning to the second statutory requirement delineated in R.C. 2151.414(D), the trial court found "that it is in the best interest of the children that permanent custody be awarded to CCDCFS."
 {¶ 20} The factors listed in R.C. 2151.414(D) are as follows: 1) the interaction of the child with the parent, siblings and foster parents; 2) the wishes of the child; 3) the custodial history of the child; 4) the child's need for legally secure placement and whether that type of placement can be achieved without a grant of permanent custody; and 5) whether any of the factors listed in divisions (E)(7) to (11) of this section apply in relation to the parents and child. Notably, "only one of these factors needs to be resolved in favor of the award of permanent custody." In re Moore (Aug. 31, 2000), Cuyahoga App. No. 76942, citing In re Schaeffer Children (1993), 85 Ohio App.3d 683.
 {¶ 21} In reaching its "best interest" determination, the trial court addressed each factor delineated in R.C. 2151.414(D). In sum, the trial court found that the mother abandoned her parental rights, that the children's father was incarcerated for raping and molesting his children and therefore had no contact with the children, and that the children did not interact with their paternal grandmother during visits and did not wish to live with her. Further, the trial court found that the children expressed a desire not to live with their paternal grandmother and to remain with their current caretakers. Additionally, the trial court found that the children have been in placement with CCDCFS for twelve or more months of a consecutive twenty-two month period.
 {¶ 22} Clearly, the court complied with the best interest determination outlined in R.C. 2151.414(D). It is understandable that the appellant would wish that his mother care for the children that he is currently incarcerated for raping; nevertheless, the trial court determined that the appellant's mother lacked the resources to care for his children, a fact which the appellant's mother and the guardian ad litem concede. Simply, there is no evidence in the record which would indicate that the trial court abused its discretion in awarding permanent custody to the CCDCFS. The children's mother relinquished her parental rights, the appellant is incarcerated for life because he raped and molested his children, and the appellant's mother, despite her best intentions, did not have the resources to care for the appellant's children.
 {¶ 23} As such, the appellant's first assignment of error is without merit.
 {¶ 24} The appellant's second assignment of error states:
 {¶ 25} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO DISMISS THE COMPLAINT TO MODIFY TEMPORARY CUSTODY TO PERMANENT CUSTODY, WHEN THE AGENCY FAILED TO TIMELY FILE ITS MOTION AS EXPRESSLY MANDATED BY R.C. 2151.414(A) AND THE TRIAL COURT FAILED TO RENDER ITS DECISION IN ACCORDANCE WITH THE DUE PROCESS RIGHTS OF THE APPELLANT PURSUANT TO THE OHIO AND FEDERAL CONSTITUTIONS."
 {¶ 26} The appellant argues here that the trial court erred in failing to dismiss the CCDCFS Motion for Permanent Custody because it was not decided until more than two years after the filing of the original complaint. We find no merit to the appellant's second assignment of error.
 {¶ 27} The Ohio Supreme Court in In re Young Children (1996),76 Ohio St.3d 632, 669 N.E.2d 1140, faced the issue of whether a juvenile court may retain jurisdiction to enter dispositional orders after the passing of the statutory time period ("sunset date") for making such orders. The children in In re Young Children were dependent and/or neglected. The juvenile court had awarded temporary custody to the local department of human services. Pursuant to R.C. 2151.353(F), such orders are usually operative for only one year, unless extended by motion from the agency pursuant to R.C. 2151.415. R.C. 2151.415(A)requires that the motion be made no later than thirty days before either the expiration of the temporary custody order then in effect or the dispositional hearing to be held under that section. In In re Young Children, the agency missed the deadline for filing a motion for an extension of the custody order. This court held that the jurisdictional grant of R.C. 2151.353(E)(1) was not limited:
 {¶ 28} "It seems abundantly clear that this provision was intended to ensure that a child's welfare would always be subject to court review. That is, given that a child, by virtue of being before the court pursuant to R.C. Chapter 2151, was at risk of some harm, the General Assembly provided for the child's safety and welfare by ensuring that the juvenile court would retain jurisdiction over the child through the age of majority. R.C. Chapter 2151 places no limitation on this general jurisdiction."
 {¶ 29} Accordingly, the court held that as to neglected or dependent children, the juvenile court's continuing jurisdiction could allow for further dispositional orders from the court in order to protect a child. In In re Young Children, this court was dealing with dependent or neglected children, which made R.C. 2151.353 directly applicable. This court was addressing the protection of children from dangerous situations not of their own making.
 {¶ 30} In accordance with In re Young, we find that the lower court did not err in failing to grant the appellant's motion to dismiss the complaint for permanent custody since the trial court retained continuing jurisdiction for further dispositional orders necessary for the protection of the children.
 {¶ 31} The appellant's third assignment of error states:
 {¶ 32} "III. THE APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS OHIO CONSTITUTIONAL RIGHT TO A FAIR TRIAL, DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 33} The appellant argues that he was deprived of effective assistance of counsel because his trial counsel failed to object to the trial court's lack of jurisdiction to hear and rule on CCDCFS's Motion for Permanent Custody.
 {¶ 34} As discussed in the appellant's second assignment of error, the trial court retained jurisdiction for further dispositional orders necessary for the protection of the children. Therefore, the appellant could not have been deprived of effective assistance of counsel because counsel was under no duty to object to the proceedings of the trial court. As such, the appellant's third assignment of error is without merit.
 {¶ 35} The appellant's fourth assignment of error states:
 {¶ 36} "IV. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA ON SEPTEMBER 22, 1999, WHEN IT DID NOT COMPLY WITH JUV.R. 29(D), PURSUANT TO THE DUE PROCESS CLAUSE OF THE STATE AND FEDERAL CONSTITUTIONS."
 {¶ 37} In his fourth assignment of error, the appellant argues that the trial court erred in accepting his admission on the original complaint for temporary custody filed in September of 1999. The appellant's fourth assignment of error is without merit.
 {¶ 38} The record reflects that the order of the trial court adjudging the appellant's children to be abused and placing the children in the temporary custody of CCDCFS was journalized on October 8, 1999, at which point said order was a final, appealable order. "An adjudication by a juvenile court that a child is `neglected' or `dependent' * * * followed by a disposition awarding temporary custody to a public children services agency * * * constitutes a `final order' within the meaning of R.C. 2505.02 and is appealable to the court of appeals * * *." In reMurray (1990), 52 Ohio St.3d 155; In re Michael A. (March 21, 2002), Cuyahoga App. No. 79835.
 {¶ 39} Since the order of temporary custody constituted a final, appealable order, the appellant had thirty days from the date of journalization to timely appeal the trial court's order. Therefore, this court is without jurisdiction to consider the issue now proffered in the instant appeal.
 {¶ 40} Since this court has determined the appellant's appeal to be without merit, the judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND DIANE KARPINSKI, J., CONCUR.
[1] The appellant is currently serving two concurrent life sentences in addition to two concurrent five-year sentences and an eight-year consecutive sentence.
[2] At the time of trial, the children had been in the custody of CCDCFS for over two-and-one-half years.
[3] The appellant's first assignment of error is presented by and through his appointed counsel; the remaining assignments of error are presented pro se via the appellant's pro se supplemental brief.
[4] Because the children's mother is not a party to this appeal andchose to not to contest the agency's motion for permanent custody, thediscussion will be limited to that evidence which is relevant to theappellant for purposes of appeal.