OPINION
{¶ 1} Appellant, Shonnie Butcher nka Shonnie Passwaters, and appellee, Raymond Butcher, were divorced on September 3, 1998. Incorporated within the divorce decree was a shared parenting plan regarding their daughter, Hailey, born August 26, 1996. The plan provided for Hailey to reside with each parent for a two week alternating period. The plan also provided that when Hailey reached school age, the parties would amend the plan to reflect the school arrangements. When Hailey reached school age, the parties were unable to come to an agreement.
 {¶ 2} On August 21, 2002, appellee filed a motion to vacate the shared parenting plan. The matter was heard before a magistrate on March 13, 2002. By decision filed April 1, 2002, the magistrate recommended that Hailey live with appellee during the school year in order to continue attending Perry Local Schools, and live with appellant during the summer if she and her new husband relocated to Carrollton, Ohio.
 {¶ 3} Appellant filed objections on April 12, 2002. By judgment entry filed June 21, 2002, the trial court overruled the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred in failing to give proper weight to the role of appellant as primary caregiver since appellee's care giving was assisted greatly by daycare centers and neighbors."
 II {¶ 6} "The trial court improperly punished appellant for moving by depriving her of primary residential status of the child as a result."
 I, II {¶ 7} Appellant's assignments of error challenge the trial court's determination relative to child custody. Appellant claims the trial court disregarded the fact that appellant was the primary caregiver, and punished appellant for planning to move outside of Stark County. We disagree with both of these issues. Because the issues raised by the assignments of error are intertwined, we will address them collectively.
 {¶ 8} The standard of review in custody cases is whether the trial court abused its discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, citing Dailey v. Dailey (1945), 146 Ohio St. 93. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} R.C. 3109.04(E)(1)(a) provides for the modification of parental responsibilities based on a change of circumstances. The parties in this case originally agreed to shared parenting, but were unable to amicably resolve the school district issue when the child reached school age. Per the shared parenting agreement, the child resided with each parent for a two week alternating period. When the child began kindergarten, she attended a Perry Local elementary school when she lived with appellee, and attended a Canton City elementary school when she lived with appellant. Per a temporary order filed September 12, 2001, the trial court designated appellee as the residential parent for school purposes.
 {¶ 10} By magistrate's decision filed April 1, 2002, approved and adopted by the trial court on June 21, 2002, the shared parenting agreement was modified as follows:
 {¶ 11} "4. While the amended Shared Parenting Plan shall clearly set forth that, commencing immediately, the Father shall be the residential parent for school purposes, the current alternating two-week parenting time schedule shall remain in place until such time as the Mother relocates out of county. It is hoped that this provision will allow the most stability for Hailey for the longest period."
 {¶ 12} Appellant argues the child's best interests would be best served if she was named the residential parent so that the child would not have to arise at 5:00 a.m. each school day to accommodate appellee's work schedule. We note per the original shared parenting plan, the child has been accommodating appellee's work schedule every other two week period since the child was approximately two years old.
 {¶ 13} As per the guardian's report and the testimony of Mary Ann Wakefield, the child's teacher, the early morning wake-up time does not appear to have an adverse impact on the child. T. at 8, 12-13.
 {¶ 14} If appellant moves out of the county, she will move to Carroll County, Ohio. Although there was considerable testimony on the inadequacy of the Carroll County school system, the magistrate stated that was not an issue. See, April 1, 2002 Magistrate's Decision at Finding No. 11. The magistrate concentrated her decision on "not which residence boasts the better school system, but which change will be more significant for Hailey or more traumatic for her." Id. at Finding No. 12.
 {¶ 15} From the guardian ad litem's report and all of the testimony from the hearing, we know the child has flourished under the temporary order and is very well adjusted to her Perry Local elementary school. T. at 25, 59, 69. The child is now in school full time and has adjusted to her schedule. She is a Daisy Scout and appellee is her troop leader. T. at 38. The child has bonded appropriately to each parent and is well adjusted in each household. T. at 59. Kimberly Sue Bray, a counselor who was referred to the family by the guardian ad litem, testified she was unable to make a recommendation as to either parent "other than that what is in Haley's (sic) best interest would be my recommendation." T. at 73.
 {¶ 16} It is inevitable that divorce and subsequent custody issues force trial courts to make hard decisions that even the experts in this case, Dr. Bello and Ms. Bray, were loath to make. As demonstrated by the magistrate's thoughtful and insightful recommendation, the major goal is what is in the best interests of the child. To date, the child has flourished. Undoubtedly, it will be very hard on the child and appellant when appellant moves to Carroll County. However, at this point, the stability of the Perry Local school system and living in the custody of appellee appear to be in the child's best interest. The one stable factor will be the Perry Local elementary school if and when appellant chooses to move to Carroll County.
 {¶ 17} Despite the fact that the trial court made a tough call, we cannot say it was an abuse of discretion nor a punishment against appellant for choosing to relocate to Carroll County.
 {¶ 18} Assignments of Error I and II are denied.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.
Topic: Custody.