OPINION JUDGMENT ENTRY
{¶ 1} On December 31, 1995, appellant, Connie Rainer, and appellee, James Hunter were married. Two children were born as issue of said marriage, James born September 10, 1995, and Jonathan born May 8, 1997. The parties were divorced on January 13, 2000. The parties agreed to shared parenting.
 {¶ 2} On August 30, 2003, appellee filed a motion to terminate the shared parenting plan and to be awarded full custody of the children. Hearings before a magistrate commenced on October 15, 2002. By decision filed February 18, 2003, the magistrate recommended the termination of the shared parenting plan and the naming of appellee as residential parent and legal custodian of the children. Appellant filed objections. By judgment entries filed July 8, 2003, the trial court overruled the objections and awarded custody of the children to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed error prejudicial to the appellant, by holding that evidence of acts or incidents which occurred after the filing of the appellee's motion to reallocate parental rights or responsibilities would be admissible in support of that motion."
 II {¶ 5} "The trial court committed error prejudicial to the appellant, by its rulings on several issues of admission of evidence, allowing evidence offered by appellee which was in violation of the ohio rules of evidence, and excluding evidence offered by appellate which was admissible."
 III {¶ 6} "The trial court committed error prejudicial to the appellant, and against the manifest weight of the evidence, in its decision that a change of circumstances existed sufficient to consider a modification of the parties' shared parenting plan."
 IV {¶ 7} "The trial court committed error prejudicial to the appellant, and against the manifest weight of the evidence, and abused its discretion, in its determination that it was in the best interest of the parties' two minor children for the parties' shared parenting plan to be terminated and for custody of the children to be awarded to appellee."
 V {¶ 8} "The trial court committed error prejudicial to the appellant, and against the manifest weight of the evidence, in deciding that the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 VI {¶ 9} "The trial court committed error prejudicial to the appellant, by failing to provide a fair trial."
 I {¶ 10} Appellant claims the trial court erred in permitting post-motion evidence. We disagree.
 {¶ 11} Civ.R. 53 governs magistrates. Pursuant to subsection (E)(3)(d), "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 12} Appellant's counsel raised this issue at the commencement of the proceedings. T. at 25. The magistrate suggested post-motion evidence would be heard, and appellee could very easily file a new motion and the matter could be continued. T. at 25-26. After argument, the magistrate agreed to permit post-motion evidence and appellant assented. T. at 27.
 {¶ 13} The post-motion evidence issue was never raised in the objections to the trial court therefore, it was not preserved for appeal.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the trial court erred in permitting evidence that did not comply with the Ohio Rules of Evidence, and in excluding her admissible evidence. We disagree.
 {¶ 16} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 17} Appellant claims Defendant's Exhibits 8, 12, 13, 15, 16, 24 and 25 were inadmissible.[1] Appellant also claims Plaintiff's Exhibits 11 and 15 were not within the scope of the motion, and an undisclosed tape was permitted to be played. T. at 553. These evidentiary issues were never raised in the objections to the trial court therefore, they were not preserved for appeal.
 {¶ 18} Assignment of Error II is denied.
 III, IV, V {¶ 19} Appellant claims the trial court erred in changing the shared parenting plan and awarding custody to appellee. We disagree.
 {¶ 20} The standard of review in custody cases is whether the trial court abused its discretion. Miller v. Miller (1988),37 Ohio St.3d 71, citing Dailey v. Dailey (1945), 146 Ohio St. 93;Blakemore, supra. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 21} R.C. 3109.04 governs parental rights and responsibilities. Subsections (E)(2) and (F)(1) and (2) state in pertinent part:
 {¶ 22} "c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.
 {¶ 23} "(d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.
 {¶ 24} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 25} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 26} "* * *
 {¶ 27} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 28} "* * *
 {¶ 29} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 30} "* * *
 {¶ 31} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 32} "* * *
 {¶ 33} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:
 {¶ 34} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 35} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 36} "* * *
 {¶ 37} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."
 {¶ 38} On February 18, 2003, the magistrate filed a very lengthy decision (some thirty-five plus pages). The magistrate meticulously reviewed the history and circumstances of the case, and determined "[t]he Parties have no ability to cooperate and make decisions jointly with respect to the children. The Parties have no ability to encourage the sharing of love, affection, and contact between the child and the other parent." The magistrate based these conclusions on the following:
 {¶ 39} "* * * Mother has continuously and willfully denied the Father's right to parenting time in accordance with an order of the court. Few custodial parents have laid down more roadblocks and made visitation more difficult than the Mother in this case. This has been a three year saga. The visitation problems started the second day after the divorce and have continued to this day."
 {¶ 40} There is ample evidence in the record to support these conclusions. Vol. I T. at 44-45, 47-48, 55-57, 62, 74-75, 78-79, 86-87, 96-97; Vol. III T. at 368, 403; Vol. V T. at 747; Vol. VI at 930, 1015-1016; Vol. VII at 1219-1220.
 {¶ 41} As for best interests, the magistrate found the children were in need of both parents, and appellee was the parent most "likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights." We find evidence in the record to support this conclusion. Vol. I T. at 94, 123-124; Vol. III T. at 367, 405, 446.
 {¶ 42} Upon review, we find the trial court did not err in terminating the shared parenting plan and awarding custody of the children to appellee.
 {¶ 43} Assignments of Error III, IV and V are denied.
 VI {¶ 44} Appellant claims she was denied her right to a fair trial as demonstrated by a comment made by the magistrate to appellant's trial counsel. We disagree.
 {¶ 45} Again this matter was not raised in the objections to the trial court. The dialogue highlighted by this assignment of error happened on the tenth day of trial. T. at 1605. The magistrate was responding to a series of objections to the leading nature of questions posed by appellant's counsel to the guardian ad litem about discussions they previously had. T. at 1597-1605.
 {¶ 46} We find the language used by the magistrate to be unprofessional. However, we can see from the context of this case the comment arose as a result of frustration and did not reflect on the fairness of the trial.
 {¶ 47} Assignment of Error VI is denied.
 {¶ 48} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Judgment affirmed.
Gwin, P.J., and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
[1] Appellant in her brief at 4 labels these exhibits as "Defendant's Exhibits" when in fact they were Plaintiff's Exhibits. T. at 6.