OPINION
{¶ 1} On March 14, 2001, appellant, Crystal Hussein, and appellee, Ashraf Hussein, were married. Two children were born as issue of the marriage, namely, Yasmin born November 26, 2001 and Muhammed born January 9, 2003. On October 22, 2003, appellant filed a complaint for divorce.
 {¶ 2} A trial before a magistrate was held on September 3, 2004. By decision filed September 16, 2004, the magistrate made several recommendations, pertinent to this appeal was the recommendation that appellee be named the residential parent. Appellant filed objections. By decree of divorce filed March 24, 2005, the trial court approved and adopted the magistrate's recommendation as to the residential parent.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED WHEN IT DESIGNATED DEFENDANT-APPELLEE ASHRAF HUSSEIN AS RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILDREN."
 I {¶ 5} Appellant claims the trial court erred in designating appellee as the residential parent. We disagree.
 {¶ 6} Decisions on custody lie within the trial court's sound discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, citingDailey v. Dailey (1945), 146 Ohio St. 93. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. Furthermore, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418.
 {¶ 7} R.C. 3109.04 governs the award of parental rights and responsibilities. Subsection (F) states the following:
 {¶ 8} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 9} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 10} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 11} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 12} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 13} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 14} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 15} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 16} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 17} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 18} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 19} In seeking a reversal, appellant challenges the trial court's decision in three areas. First, appellant argues the trial court disregarded appellee's 2002 domestic violence conviction. Secondly, the trial court considered relevant evidence of appellant's premarital activity. Lastly, appellant argues the decision was contrary to the weight of the evidence and influenced by prejudice, passion and bias.
 DOMESTIC VIOLENCE CONVICTION {¶ 20} The issue of appellee's 2002 domestic violence conviction was addressed by the trial court in its March 24, 2005 Decree of Divorce as follows:
 {¶ 21} "Although the Court does not condone domestic violence in any form, it is not an automatic reason to deny residential parenting rights to the guilty party. The slapping of the Plaintiff by the Defendant, in this instance, by itself was not enough to overcome the best interests test as found by the Magistrate. The Court therefore overrules Plaintiff's objection as it relates to the Domestic Violence charge against the Defendant."
 {¶ 22} As noted by the trial court, after appellee entered a no contest plea, the parties reconciled and had a second child. T. at 65, 67. During the divorce hearing, appellee strenuously denied any continued violence as alleged by appellant. T. at 146, 156-157.
 {¶ 23} Upon review, we conclude the trial court did not abuse its discretion in not using the two year old domestic violence conviction to be a determining factor in the custody issue.
 PREMARITAL EVIDENCE {¶ 24} Appellant argues the trial court improperly considered evidence of appellant's miscarriage(s) prior to the marriage. To argue this was a determining factor is to take the trial court's statement out of context.
 {¶ 25} Appellee offered this testimony in defense of his position that he should not be responsible for appellant's premarital debts. The issue was brought out on cross-examination by appellant's trial counsel. The purpose was to show appellee's cultural mindset and the use of a tax refund. T. at 189-192. Further on in the record, appellee stated he respected his wife by taking her to the hospital when she was ill when it was not his responsibility to do so. T. at 200.
 {¶ 26} In adopting the magistrate's recommendation, the trial court accepted the opinion of the Guardian Ad Litem, Stephanie Kreisher. Ms. Kreisher found the issues to be lack of cooperation and communication, failure of appellant to address the son's speech therapy concerns and the lack of consistent discipline. T. at 207-209, 230. The premarital evidence appears to have had no impact on the trial court's decision.
 WEIGHT OF THE EVIDENCE AND BIAS {¶ 27} Appellant argues the decision is against the manifest weight of the evidence and was influenced by bias and prejudice.
 {¶ 28} As noted supra, the trial court accepted Ms. Kreisher's opinion. Ms. Kreisher testified the issues that influenced her decision were lack of cooperation and communication by the parties, appellant's failure to continue speech therapy and the lack of consistent discipline.
 {¶ 29} Ms. Kreisher also testified the internet posting by appellant of a photograph of herself with the children was of great concern. T. at 207. However, Ms. Kreisher did not base her entire opinion on this one issue. Id. Ms. Kreisher was more concerned about the fact that she had not been informed of appellant's changed work hours. T. at 208. Appellant's day care provider is a paid babysitter, whereas appellee's caregiver is his mother. T. at 10, 173-174. While staying with appellant, the daughter sleeps on a couch whereas at appellee's, she sleeps in a bed. T. at 70, 213-214. Ms. Kreisher found no evidence of appellee's intention to leave the country with the children. T. at 216. In fact, appellee became a permanent citizen in October of 2001. T. at 170.
 {¶ 30} There is no doubt that there exists a clash of cultures between the parties, and some of the concerns raised are legitimate. The time between the first and second report by the guardian gave the parties a chance to address the issues to achieve shared parenting, but it appears the attempt was unsuccessful.
 {¶ 31} Appellant was less than forthcoming about the son's need for speech therapy (T. at 108), and she was inconsistent in her approach to finding a suitable mate. She argued the children could be spirited out of the country by appellee, while at the same time expressing an on-going interest in seeking out men from abroad via the internet. T. at 215-216.
 {¶ 32} In addressing the children's best interest, we find the trial court did not abuse its discretion given the lack of cooperation, lack of diligence in medical assistance and the structure of daycare supplied by the parties (grandmother versus paid babysitter).
 {¶ 33} Upon review, we conclude the trial court did not abuse its discretion in designating appellee as the residential parent.
 {¶ 34} The sole assignment of error is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Morrow County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur,
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, Domestic Relations Division is affirmed.