JOURNAL ENTRY and OPINION
{¶ 1} Appellant-mother appeals the trial court's decision awarding permanent custody of her two minor children to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). We find no merit to the appeal and affirm.
 {¶ 2} In November 2002, CCDCFS moved for temporary custody of mother's two children (collectively, "the children"), a two-year-old and a five-month-old, alleging that they were neglected and dependent. The trial court granted emergency custody and placed the children with their maternal grandparents, who later became the children's foster parents.
 {¶ 3} The facts giving rise to the CCDCFS complaint stemmed from the mother's recent suicide attempt and her failure to receive mental health treatment. The complaint further alleged that mother lacked stable housing and had no employment or income. At the time of the filing, the children were living with their maternal grandparents while mother was residing with friends. The children had different fathers, both of whom failed to establish paternity or appear in the proceedings. In May 2003, after the mother stipulated to an amended complaint, the children were adjudged neglected and dependent.
 {¶ 4} On April 12, 2004, CCDCFS moved to modify the custody order to permanent custody on the basis that the mother had failed to remedy the conditions which necessitated the children's removal, namely, failing to address her mental health issues and failing to obtain employment. The motion further alleged that the children had been in the custody of CCDCFS for more than 12 months in a consecutive 22-month period.
 {¶ 5} On September 16, 2004, the trial court held a hearing at which the mother's case worker and the children's guardian ad litem testified that the award of permanent custody was in the children's best interest. The trial court awarded CCDCFS permanent custody of the children.
 {¶ 6} The mother appeals, raising three assignments of error.
 Award of Permanent Custody {¶ 7} In her first assignment of error, mother contends that the trial court's award of permanent custody is not supported by the weight of the evidence. We disagree.
 {¶ 8} An appellate court must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts." In reBrodbeck (1994), 97 Ohio App.3d 652, 659, quoting Gerijo, Inc. v.Fairfield, 70 Ohio St.3d 223, 226, 1994-Ohio-432. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. State v. Schiebel (1990),55 Ohio St.3d 71, 74; C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. Further, issues relating to the credibility of the witnesses and the weight to be given the evidence are primarily for the trier of fact. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23;Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 9} R.C. 2151.414 provides that a clear and convincing standard of proof must be met to terminate parental rights. Clear and convincing evidence is "that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus; In re Hickok, Marion App. Nos. 9-2000-27, 9-2000-28, 9-2000-29, 2000-Ohio-1766.
 {¶ 10} Mother argues that the trial court failed to properly analyze the factors in R.C. 2151.414(E)(1)-(16) in determining whether the children could be placed with her in a reasonable amount of time. She claims that the evidence at trial revealed that she had substantially completed her case plan, thereby eliminating any risk to her children if they were reunited with her. However, because CCDCFS moved to modify temporary custody to permanent custody after the children had been in its custody for more than 12 months in a 22-month period, the trial court was not required to make any findings set forth in R.C. 2151.414(E)(1)-(16) for purposes of determining reunification. See In re Ch. O., Cuyahoga App. No. 84943, 2005-Ohio-1013. Rather, in deciding whether to permanently divest parents of their custody rights, the trial court is required to apply a two-prong test as provided in R.C. 2151.414(B)(1). The court must first determine by clear and convincing evidence whether such action will serve the best interest of the child. Once a court determines that granting permanent custody to the movant would be in the child's best interest, the court must then consider whether one of the factors in R.C. 2151.414(B)(1)(a)-(d) applies.
 {¶ 11} As relates to this appeal, R.C. 2151.414(B)(1)(d) focuses on whether the child has "been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." It is undisputed that both children had been in the temporary custody of CCDCFS for more than twelve months of a consecutive twenty-two month period. The children had been in the temporary custody of CCDCFS for more than 18 months, living with their maternal grandparents. Accordingly, we now address the factors enumerated in R.C. 2151.414 for determining the best interest of the children.
 {¶ 12} R.C. 2151.414(D)(1) through (5) sets forth the following relevant factors that a court must consider in determining the best interest of the child:
"(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
"(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
(4) The child's need for a legally secure permanent placement and whether * * * [it] can be achieved without a grant of permanent custody to the agency;
(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 13} This court has found that only one of these enumerated factors needs to be resolved in favor of the award of permanent custody. In reMoore (Aug. 31, 2000), Cuyahoga App. No. 76942, citing, In re ShaefferChildren (1993), 85 Ohio App.3d 683; see, also, In re M.Z., Cuyahoga App. No. 80799, 2002-Ohio-6634; In Re Legg, Cuyahoga App. Nos. 80542 and 80543, 2002-Ohio-4582.
 {¶ 14} We find clear and convincing evidence to support the trial court's award of permanent custody. The evidence at trial revealed that the mother still had neither income nor employment, that she often failed to take her medication for her depression, and that, while on her case plan, she attempted suicide. Although the record reflects that mother completed the parenting and anger management courses as required under her case plan, the case worker testified that she did not believe that mother benefitted from the anger management classes. Furthermore, despite mother's claim that she obtained stable housing, the record reflects that she was living with her boyfriend, who was paying the utilities and rent. Thus, mother's housing was dependent on her relationship with her boyfriend, thereby leaving her with no housing alternative if the relationship ended. These factors support the trial court's conclusion that mother was unable to provide a stable home for the children. In contrast, the grandparents-foster parents provided a stable home for the children, caring for their physical and emotional needs. Moreover, the grandparents indicated that they were willing to adopt the children if permanent custody was granted. See R.C. 2151.414(D)(4).
 {¶ 15} The remaining factors also weigh in favor of the award of permanent custody. It was undisputed that the children had been in the custody of CCDCFS for more than 18 months and had lived with their grandparents for the majority of their lives. Although the record reveals that mother had a strong bond with the children and that she undoubtedly loves them, her visits with them were sporadic, although she had the opportunity to see them on a daily basis. The case worker testified that mother visited at most once a week and sometimes less often, even though she was not employed. On the other hand, the grandparents-foster parents provided daily care for the children. Further, because the children had been living with their grandparents for most of their lives, their primary relationship was with them. Therefore, the guardian ad litem recommended that an order of permanent placement with CCDCFS would be in the children's best interest. See R.C. 2151.414(D)(1), (2), and (3).[1]
 {¶ 16} In light of this evidence, the trial court properly found that permanent custody was in the children's best interest.
 {¶ 17} The first assignment of error is overruled.
 Guardian Ad Litem Report {¶ 18} In her second assignment of error, mother contends that the trial court erred in accepting the guardian ad litem's report because it failed to comply with Juv.R. 20(C)(4), which requires that the report be filed at least one week prior to the court's hearing and served upon all the parties. In the instant case, the guardian ad litem submitted his handwritten report the day of the dispositional hearing. However, mother never objected to the submission of the report or to the trial court's reliance on the report. Moreover, mother never sought to cross-examine the guardian ad litem after he stated his recommendation at the dispositional hearing. Compare In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368 (holding that a trial court's refusal to allow cross-examination of the guardian ad litem concerning her report constitutes reversible error). Therefore, by her failure to object to the trial court's use of the report, she has waived all but plain error on appeal. See, e.g., In re Ch. O., supra; In re Nicholson (Jan. 27, 2000), Cuyahoga App. Nos. 75533-75539; In re Davis (June 14, 2001), Cuyahoga App. No. 78810; In re Cordell (Apr. 2, 1992), Cuyahoga App. Nos. 60049 and 60050.
 {¶ 19} In the instant case, we do not find any manifest injustice warranting the invocation of the plain error doctrine. We cannot say that the trial court's decision would have been different had the court insisted on the timely submission of the report. To the contrary, there was ample evidence to support the trial court's decision without the guardian ad litem's report. Thus, we find no prejudice to the mother.
 {¶ 20} Accordingly, the second assignment of error is overruled.
 Best Interest Findings {¶ 21} In her final assignment of error, mother argues that the trial court erred in failing to discuss each one of the best interest factors in its order awarding permanent custody. Although the trial court broadly stated that the best interest factors enumerated in R.C. 2151.414(D) favored the grant of permanent custody, she claims that its failure to discuss each factor separately constitutes reversible error. In support of this argument, she relies on the Eleventh District's decision in In reMeyer, Ashtabula App. No. 2003-A-0064, 2003-Ohio-4605, wherein the court held that the failure to discuss each factor under R.C. 2151.414(D) constituted reversible error. However, that holding is not shared by this court.
 {¶ 22} As this court has repeatedly recognized, "the statute does not require the court to list those factors or conditions it found applicable before making its determination that the child cannot be placed with either parent or that permanent custody is in that child's best interest." In re T.M., Cuyahoga App. No. 83933, 2004-Ohio-5222, at ¶32; In re I.M., Cuyahoga App. Nos. 82669 82695, 2003-Ohio-7069, at ¶ 27. As long as the record reveals that the trial court considered the factors, despite its failure to specifically discuss each one on the record, this court will find no reversible error. Id.; see, also, In reCh. O., supra. Moreover, it is incumbent upon a party to request findings of facts and conclusions of law if the party desires that the court articulate its finding in relation to each factor. Otherwise, absent such a request and as long as the record supports the court's decision, this court will not reverse and remand for the trial court to articulate its specific findings. Id.
 {¶ 23} In the instant case, mother never requested findings of fact and conclusions of law. Further, having already found that the applicable factors weigh in favor of permanent custody, we find no merit to her assertion that the trial court failed to consider each factor. Accordingly, we overrule the final assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Calabrese, Jr., J. concur.
[1] The fifth factor required the court to consider R.C. 2151.414(E)(7) to (11), which refers to cases where a parent has been convicted of certain offenses, withheld medical treatment from the child, placed the child at substantial risk of harm, abandoned the child, or had parental rights involuntarily terminated. None of these factors applied in the instant case.