[Cite as *In re J.B.*, 2012-Ohio-3087.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97995

# IN RE: J.B.

# A Minor Child

# [Appeal by Mother]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 10900016

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**ATTORNEYS FOR APPELLANT**

David K. Greer
1150 Morse Road
Suite 230
Columbus, OH   43229-6327

Cynthia Morgan
2968 Meadowbrook
Cleveland Heights, OH   44118


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Pamela Hawkins
Assistant Prosecuting Attorney
Cuyahoga County Department of
Children and Family Services
3955 Euclid Avenue
Cleveland, OH   44115

SEAN C. GALLAGHER, J.:

{¶1} Appellant, mother, appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, that granted permanent custody of her child, J.B., to appellee, Cuyahoga County Department of Children of Family Services ("CCDCFS"). For the reasons stated herein, we affirm.

{¶2} J.B. was born on December 29, 2009. On January 4, 2010, CCDCFS filed a complaint for neglect and temporary custody, based primarily upon mother's alleged drug abuse and her lack of stable housing and income. J.B. was committed to the emergency temporary custody of CCDCFS on the same date. On February 9, 2010, the case was reassigned to the court's family drug court judge.

{¶3} The guardian ad litem's report and recommendation, filed on March 23, 2010, reflected that J.B. was born "medically fragile," had been hospitalized twice since his birth, and has several medical problems requiring specialized medical care.

{¶4} At a hearing held on March 24, 2010, mother, through counsel, admitted to the allegations of the amended complaint. The uncontested facts in the complaint are as follows:

(1) Mother has a substance abuse problem, specifically cocaine, which interferes with her ability to provide a safe and stable home for the child. Mother used during her pregnancy and continues to use cocaine. Mother last used cocaine on 12/23/09.

(2) Mother has two other children who were adjudicated and placed into the legal custody of relatives due to the mother's continued drug use.

See case no. AD05901282-83.

(3)     Mother has been offered treatment in the past, but has relapsed.

(4)     Mother lacks stable housing and income to provide for the basic needs of the child.

(5)     Alleged father, [A.C.], has failed to establish paternity and has failed to support, visit or communicate with the child since birth.

(6)     Alleged father, John Doe, has failed to establish paternity and has

        failed to support, visit or communicate with the child since birth.

{¶5} At the conclusion of the hearing, J.B. was adjudged to be neglected and was committed to the temporary custody of CCDCFS. The court also approved and journalized the case plan, which was later amended. The case plan required mother to complete a drug and alcohol assessment, follow recommendations, attend and successfully complete substance-abuse treatment, and provide random urine screens when requested. The case plan also required her to engage in services to address her substance-abuse issues, refrain from any drug or alcohol use, attend a parenting program, learn and demonstrate parenting proficiency, become involved in a job-readiness program, and become self-sufficient by becoming gainfully employed and able to maintain her own residence for herself and J.B.

{¶6} On December 22, 2010, CCDCFS filed a motion for permanent custody. A hearing was held on February 7, 2012.

{¶7} The evidence and testimony presented at the hearing reflected that although mother continued in the course of her drug treatment, she was unsuccessfully discharged

from three of the six treatment programs to which she was referred. During the course of the case, she failed to maintain her sobriety. She submitted a positive drug screen in June and July 2010 and in June 2011, and she failed to appear for drug screens in late July and August 2011. She did not consistently submit drug screens until January and February 2012, at which point she submitted negative drug screens. She also had been attending AA meetings.

{¶8} Mother did complete and benefit from parenting classes, interacted appropriately with J.B., and had a bond with J.B. Though she was not consistent with visitation at the beginning of the case, she had been consistent for three or four months prior to the hearing. However, mother remained unemployed. At the time of the hearing, she was residing in transitional housing at the Hitchcock Center, where she could remain for up to two years. The Hitchcock Center provides transportation assistance for medical appointments, offers life-skills education classes, has a job-readiness program, and offers other services. Mother was participating in a variety of these programs; she had completed her treatment; she had been maintaining her sobriety; and she was attending relapse prevention classes for recovery support.

{¶9} J.B. wears leg braces, has bowel and intestinal problems, has acid reflux, and lacks socialization skills. He requires physical therapy on a weekly basis, receives occupational therapy, attends a specialized toddler day-care program, and takes medication. There was testimony that mother did not attend any of J.B.'s medical appointments and minimized his specialized needs.

**{¶10}** J.B. initially was placed with a maternal cousin, but he had to be removed from that home. J.B. was then placed in a foster home, where he had been for two years at the time of the hearing. He was doing well in his foster home, was bonded to his foster family, and his foster parents are willing to provide for his special needs.

**{¶11}** The social worker testified that mother had not demonstrated the ability to stay sober outside of a treatment setting, had no source of income to support a child, had no means to provide for J.B.'s special needs, had not remedied the conditions that led to J.B.'s initial removal from her care, and could not provide a safe, stable, permanent home in which J.B. could reside. Though efforts were made to locate the alleged father, no contact was had with him during the course of proceedings. Further, no other relative had expressed interest in placement or custody of J.B. The social worker opined that permanent custody was in J.B.'s best interest because all of his needs were being met in the foster home, he was bonded with his foster family, and he was in a stable environment. The guardian ad litem for the child also recommended permanent custody for CCDCFS.

**{¶12}** After the hearing, the juvenile court granted permanent custody of J.B. to CCDCFS. Mother timely filed this appeal. She raises two assignments of error for our review. Her first assignment of error claims the trial court's findings were not supported by clear and convincing evidence. Her second assignment of error argues that the judgment entry is deficient.

**{¶13}** In accordance with R.C. 2151.414, a trial court may terminate parental

rights and grant permanent custody of a child to a children's services agency if the court determines, by clear and convincing evidence, that one of the factors enumerated in R.C. 2151.414(B)(1)(a)-(d) applies and that an award of permanent custody is in the child's best interest. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 23. "Clear and convincing evidence" is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

**{¶14}** Where clear and convincing proof is required, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). Judgments supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *Id*.

**{¶15}** In this case, pursuant to R.C. 2151.414(B), the juvenile court determined by clear and convincing evidence that J.B.

> is not abandoned or orphaned or has not been in temporary custody of a public children services agency or private child placing agency * * * for twelve or more months of a consecutive twenty-two-month period and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.[1]

The court noted that J.B. had been removed from mother's care at birth and had been in

---

[1] We note that at the time CCDCFS filed its motion for permanent custody, J.B. had not been in the custody of the agency for a twenty-two-month period. However, by the time of the hearing, J.B. had been in the custody of the agency for just over two years.

the custody of CCDCFS continuously since that time. Consistent with R.C. 2151.414(E), the court found, by clear and convincing evidence, that several factors were present to support the determination that the child could not be placed with one of the child's parents within a reasonable time or should not be placed with either parent. Specifically, the court found:

> Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.

> The chronic chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year.

> The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child. The mother has failed to educate herself about the child's special needs.

{¶16} In determining the best interest of the child, the court indicated that it had considered the relevant factors pursuant to R.C. 2151.414(D)(1). Those factors include the following: (1) the interaction and interrelationship of the child with others; (2) the wishes of the child; (3) the custodial history of the child; (4) the child's need for a legally secure placement and whether such a placement can be achieved without permanent custody; and (5) whether any of the factors in divisions (E)(7) to (11) apply. R.C.

2151.414(D)(1). The court noted the guardian ad litem's recommendation that "permanent custody be granted as it is in the child's best interest."

{¶17} Further, the court found that permanent custody was in the best interest of the child because all of the factors under R.C. 2151.414(D)(2) applied. R.C. 2151.414(D)(2) provides as follows:

> If all of the following apply, permanent custody is in the best interest of the child and the court shall commit the child to the permanent custody of a public children services agency or private child placing agency:
>
> (a) The court determines by clear and convincing evidence that one or more of the factors in division (E) of this section exist and the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.
>
> (b) The child has been in an agency's custody for two years or longer, and no longer qualifies for temporary custody pursuant to division (D) of section 2151.415 of the Revised Code.
>
> (c) The child does not meet the requirements for a planned permanent living arrangement pursuant to division (A)(5) of section 2151.353 of the Revised Code.
>
> (d) Prior to the dispositional hearing, no relative or other interested person
>
> has filed, or has been identified in, a motion for legal custody of the child.

{¶18} Mother claims that at the time of trial, she had completed her treatment, she was maintaining her sobriety, she had just begun a two-year transitional housing program that was equipped to assist her with J.B.'s medical issues, she was in a job-readiness program, she was taking steps toward becoming self-sufficient, she had obtained and demonstrated parenting skills, and she had positive interactions with J.B.

{¶19} Our review of the record reflects that although mother was taking many

positive steps, many of the goals of the case plan were not substantially adhered to or met.

Mother failed to maintain her sobriety during the course of the case. She attempted six drug treatment programs during the two years the action was pending, she was unsuccessfully discharged from three of the programs, she relapsed after the successful completion of two programs, she only demonstrated consistent negative drug screens in the months leading to the permanent custody hearing, and she had not demonstrated an ability to maintain her sobriety outside of a treatment setting. Further, mother had not yet become self-sufficient, she was still unemployed, and she had only recently been admitted to the transitional housing program. While she had obtained parenting skills and had become consistent in visiting with J.B., she was not consistent through the course of the case and had not made an effort to attend his medical appointments.

{¶20} Additionally, there was evidence that J.B. had been with the same foster family for two years, he was bonded with them, and his basic needs were being met. The guardian ad litem recommended granting permanent custody.

{¶21} Insofar as mother argues that the juvenile court did not set forth an adequate factual analysis in its judgment, we find no merit to her argument. This court has previously recognized that the statute does not require the court to specifically discuss each factor it found applicable before making its determination that the child cannot be placed with either parent or that permanent custody is in that child's best interest. *In re S.B.*, 8th Dist. No. 85560, 2005-Ohio-3163, ¶ 22. As long as the record affirmatively reflects that the trial court considered the factors and the record supports the trial court's

decision, we will find no reversible error. *Id.* Moreover, if a party desires that the court articulate its finding in relation to each factor, it is incumbent upon a party to request findings of facts and conclusions of law. *Id.*

**{¶22}** It is evident from our review that the juvenile court properly considered all relevant factors under R.C. 2151.414(D) and (E). The juvenile court specifically stated in its judgment entry that it had considered the relevant factors pursuant to R.C. 2151.414(D)(1) and also found all of the factors under R.C. 2151.414(D)(2) applied to the case.[2] Furthermore, the judgment entry reflects that the juvenile court considered the evidence in relation to these factors and the court articulated several findings to support its determination.

**{¶23}** We find sufficient evidence was presented for the juvenile court to find under a clear and convincing standard that it was in J.B.'s best interest to be placed in the permanent custody of CCDCFS, and that he could not be placed with either parent in a reasonable time or should not be placed with either parent. Because there is competent, credible evidence in the record to support the juvenile court's determination to award permanent custody to CCDCFS, we overrule the first assignment of error. Further, because we find the juvenile court properly considered the applicable factors under R.C.

---

[2] We note that R.C. 2151.414(D)(2) specifically provides that if all of the factors thereunder are present, then "permanent custody is in the best interest of the child and the court shall commit the child to the permanent custody" of the agency. This section has been found to provide an alternative basis for awarding permanent custody from R.C. 2151.414(D)(1). *In re M.K.*, 10th Dist. Nos. 09AP–1141 and 09AP–1142, 2010-Ohio-2194, ¶ 22; *In re K.H.*, 2d Dist. No. 2009–CA–80, 2010-Ohio-1609, ¶ 56. Regardless, it is apparent that the juvenile court considered each of these provisions in reaching its determination in this matter.

2151.414(D) and (E), we overrule the second assignment of error.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR