[Cite as *In re L.W.*, 2019-Ohio-1344.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| In Re: L.W., et al. | : | |
| | : | No. 107648 |
| Minor Children | : | |
| | : | |
| [Appeal by Father] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 11, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 17918166 and AD 17918167

*Appearances:*

Patrick S. Lavelle, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and
Timothy W. Clary, Assistant Prosecuting Attorney, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1}   Appellant C.W. ("Father") appeals from the decision of the Juvenile

Division of the Cuyahoga County Court of Common Pleas ("the juvenile court")

terminating his parental rights and granting permanent custody of his children,

L.W. and S.W., to the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency").  Upon review, we affirm.[1]

{¶ 2} On December 1, 2017, CCDCFS filed a complaint alleging that L.W. and S.W. were neglected and dependent children and requesting permanent custody of the children.  The juvenile court proceedings resulted in the termination of parental rights of Father and the mother of the children ("Mother"), and the granting of permanent custody of both children to CCDCFS.  Separate appeals were filed by Father and Mother.  This opinion involves Father's appeal.

**Background**

{¶ 3} L.W. (d.o.b. Nov. 2, 2013) and S.W. (d.o.b. Dec. 8, 2014) were previously adjudicated dependent and were committed to the temporary custody of CCDCFS in May 2015.  The young children remained in the temporary custody of CCDCFS until November 2017, at which time their paternal grandmother was granted legal custody.  However, the paternal grandmother was not able to care for the children and the children never left their foster-care placement.  On December 1, 2017, CCDCFS filed a complaint for neglect, dependency, and permanent custody in the case of each child.  Shortly thereafter, the juvenile court awarded emergency temporary custody of the children to CCDCFS.

{¶ 4} The complaint alleged that Father had tested positive for cocaine and marijuana in February 2017.  It was also alleged that the children's mother has a

---

[1]The children's biological mother appeals from the juvenile court's judgment in 8th Dist. Cuyahoga No. 107708.

substance abuse problem and mental health issues that prevent her from providing adequate care for the children, and that she had two other children that were adjudicated dependent and committed to the permanent custody of CCDCFS.

{¶ 5} A case plan was in place for each of the parents. An amended complaint was filed on July 13, 2018, which added an allegation that father was arrested in May 2018 and was incarcerated for charges of domestic violence against Mother, felonious assault, and obstructing official business. Father admitted the allegations of the amended complaint. On July 23, 2018, the trial court adjudicated the children to be dependent.

{¶ 6} On August 10, 2018, a hearing was held on the agency's dispositional prayer for permanent custody. The social worker testified that L.W. came into the agency's custody when she was approximately nine months old and that S.W. came into the agency's custody at the time of her birth. Neither parent had completed their case plans. Despite Mother's compliance with certain aspects of her case plan, she had not completed intensive outpatient services, had not consistently maintained stable housing, and had only visited with the children once since Father's incarceration. Although Father had completed parenting classes, was appropriate with the children, and was consistent with visitation, he tested positive for drugs in March 2018, had not completed intensive outpatient treatment, and was incarcerated on pending criminal charges involving domestic violence against Mother.

{¶ 7} The children were together in a foster home and were bonded with their foster parents. The guardian ad litem for the children recommended that permanent custody to CCDCFS is in the children's best interest. On August 27, 2018, the juvenile court issued separate journal entries for each child that terminated Father's and Mother's parental rights and awarded permanent custody of each child to CCDCFS. Father timely filed this appeal.

**Law and Analysis**

{¶ 8} Under his first assignment of error, Father claims the juvenile court erred in awarding permanent custody to CCDCFS because, according to Father, CCDCFS failed to make reasonable efforts to eliminate the continued removal of the children from their home and to return the children to their home. Father also argues that the juvenile court did not make sufficient findings of fact for its reasonable-efforts determination. The record does not support Father's claims.

{¶ 9} Pursuant to R.C. 2151.419(A), a reasonable-efforts determination is required in certain proceedings, all of which occur prior to a decision transferring permanent custody to the state. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 41. Nevertheless, as recognized by the Supreme Court of Ohio, "except for some narrowly defined statutory exceptions, the state must still make reasonable efforts to reunify the family during the child-custody proceedings prior to the termination of parental rights." *Id.* at ¶ 43. Therefore, when the agency has not established that reasonable efforts have been made prior to the permanent custody hearing, it must demonstrate such efforts at that time. *Id.*

{¶ 10} The record reflects that in the case of each child, CCDCFS established at a prior hearing that it had made reasonable efforts. The juvenile court made reasonable-efforts findings when the children were committed to the emergency custody of the agency. The juvenile court listed services that were offered by CCDCFS, including parenting classes, domestic violence services, and substance abuse treatment, and found that CCDCFS had made reasonable efforts to prevent removal, eliminate the continued removal, and to make it possible for the children to return home.

{¶ 11} Further, at the permanent custody hearing, the social worker testified to the case plan services that were provided and to Mother's and Father's failure to complete their case plans. In the case of each child, the juvenile court found that CCDCFS had made "reasonable efforts to prevent removal of the child, to eliminate the continued removal of the child from her home, or to make it possible for the child to return home." The court found that "[r]elevant services were provided to the family, but were not successful because the mother and father [have] not completed case plan services." The juvenile court's determination is supported by the record.

{¶ 12} Although Father argues that CCDCFS failed to make reasonable efforts to support reunification, our review of the record reflects that despite reasonable efforts having been made, Father did not complete portions of his case plan, had a positive test for drugs, and was incarcerated for charges of domestic

violence in which Mother was the victim. Accordingly, we overrule his first assignment of error.

{¶ 13} Under his second assignment of error, Father claims the juvenile court's decision to award permanent custody of the children to CCDCFS was against the manifest weight of the evidence. We are not persuaded by his argument.

{¶ 14} Before a court may terminate parental rights and grant permanent custody of a child to a children services agency, R.C. 2151.414(B)(1) requires the court to determine "by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency" and that any of the conditions listed under R.C. 2151.414(B)(1)(a)-(e) apply. A trial court's decision to grant permanent custody will not be reversed as being against the manifest weight of the evidence as long as the record contains competent, credible evidence by which the court could have found that the essential statutory elements for an award of permanent custody have been established. *In re K.Z.*, 8th Dist. Cuyahoga No. 107269, 2019-Ohio-707, ¶ 82.

{¶ 15} Here, in the case of each child, the juvenile court determined that the child has been in the temporary custody of a public children services agency for 12 or more months of a consecutive 22-month period. *See* R.C. 2151.414(B)(1)(d). This finding is not challenged and is supported by the record. Where R.C. 2151.414(B)(1)(d) applies, the agency need not also find that the child cannot or should not be placed with either parent within a reasonable time. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1172, ¶ 21; *see also In re N.C.*, 2d Dist.

Montgomery Nos. 28105 and 28117, 2019-Ohio-567, ¶ 59; *In re I.K.*, 5th Dist. Ashland No. 18-COA-004, 2018-Ohio-3644, ¶ 32; *In re T.H.*, 8th Dist. Cuyahoga No. 100852, 2014-Ohio-2985, ¶ 18.  Accordingly, because the juvenile court found clear and convincing evidence to exist to support a finding under R.C. 2151.414(B)(1)(d), it was not required to make any other finding under R.C. 2151.414(B).  Nevertheless, the juvenile court made an alternative finding pursuant to R.C. 2151.414(B)(1)(a) and found by clear and convincing evidence that "the child cannot be placed with one of the child's parents within a reasonable period of time and should not be placed with either parent."  Father challenges this determination.  Though not required, we shall address his argument.

{¶ 16} In the event R.C. 2151.414(B)(1)(a) applies, courts look to the factors set forth in R.C. 2151.414(E) to make the requisite determination.  Pursuant to R.C. 2151.414(E), the court is to consider all relevant evidence and if the court finds, by clear and convincing evidence, the existence of any one of the factors as to each of the child's parents, "the court shall enter a finding that the child cannot be placed within a reasonable time or should not be placed with either parent[.]"

{¶ 17} Among other findings, the trial court determined the factor under R.C. 2151.414(E)(1) applied, finding as follows:

> following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the condition causing the child to be placed outside the child's home[.]

The record reflects that Father failed to complete portions of his case plan and had tested positive for drugs; he last visited the children in May 2018; and he was incarcerated for the indefinite future. We find the juvenile court's determination with regard to Father is supported by competent, credible evidence in the record.

{¶ 18} Once the trial court determines any of the conditions outlined in R.C. 2151.414(B)(1)(a)-(e) exists, the court may proceed to consider whether the grant of permanent custody to the agency is in the best interest of the child. *In re A.P.*, 8th Dist. Cuyahoga No. 104130, 2016-Ohio-5849, ¶ 21. In each case, the juvenile court determined by clear and convincing evidence that "a grant of permanent custody is in the best interests of the child." Contrary to Father's argument, there was ample evidence in the record to support the trial court's determination.

{¶ 19} In determining the best interest of a child, R.C. 2151.414(D)(1) directs the trial court to consider "all relevant factors," including, but not limited to the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents, and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (5) whether any of the factors set forth in R.C. 2151.414(E)(7) to (E)(11) apply. R.C. 2151.414(D)(1)(a)-(e). In conducting a best-interest analysis under R.C. 2151.414(D), "[t]he court must

consider all of the elements in R.C. 2151.414(D) as well as other relevant factors. There is not one element that is given greater weight than the others pursuant to the statute." *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56.

{¶ 20} The juvenile court stated in its decisions that it considered the above factors in making its determination. The record reflects that the children had spent most of their lives in the temporary custody of CCDCFS and were in need of a legally secure placement. Among other relevant factors, the juvenile court considered that the parents had failed to substantially remedy the conditions causing the children's removal from the home and were not able to provide an adequate permanent home for the children. The court considered that despite relevant services being provided, Mother and Father failed to complete case plan services and Father had been incarcerated. The court also considered the report of the guardian ad litem for the children, which discussed the interaction and interrelations of the children with others, as well as Mother's and Father's failure to comply with portions of their case plans. The guardian ad litem indicated that the children "are too young to express their wishes" and recommended an award of permanent custody to the agency as being in the children's best interest. The juvenile court's determination that permanent custody is in each child's best interest is supported by competent, credible evidence in the record. Appellant's second assignment of error is overruled.

{¶ 21} Under his third assignment of error, Father argues that the trial court failed to discuss the wishes of the children and their relationship with Father in making the best-interest determination. We find no merit to this argument. R.C.

2151.414 does not require the court to specifically discuss each factor it found applicable before making its determination that permanent custody is in the child's best interest. *In re J.B.*, 8th Dist. Cuyahoga No. 97995, 2012-Ohio-3087, ¶ 21. Here, the juvenile court set forth the relevant factors it considered under R.C. 2151.414, and the record supports the trial court's determinations in each child's case. Finding no reversible error, we overrule appellant's third assignment of error.

**Conclusion**

{¶ 22} Upon our review of the record, we find the juvenile court's decision in each child's case was supported by competent, credible evidence and was not against the manifest weight of the evidence. We affirm the trial court's decisions awarding permanent custody of each child to CCDCFS and terminating appellant's parental rights.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and

**MICHELLE J. SHEEHAN, J., CONCUR**